IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP CLOUD, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON CITY, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER PARTIALLY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION TO STRIKE, AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE<br><br>Case No. 2:04-CV-266 TS |

This matter is before the court on Defendants' Motion for Summary Judgment and Defendants' Motion to Strike Portions of Daniel Thorpe's Affidavit. On November 29, 2004, the court entered an order treating Defendants' Motion to Dismiss as one for summary judgment. On December 29, 2004, Defendants submitted their Motion to Strike Portions of Daniel Thorpe's Affidavit. The Affidavit was subsequently amended and re-submitted by Plaintiffs on February 14, 2005. Defendants failed to renew any objection to the amended Affidavit, but together with Plaintiffs, submitted to the court a Motion to Suspend the Scheduling Order until the Motion for Summary Judgment was decided. The court granted the joint Motion to Suspend on March 16,

2005, and now will proceed to determine the Motion for Summary Judgment followed by the Motion to Strike.

## I.  BACKGROUND

The dispute in this case primarily emanates from insufficient water pressure at the Rio Virgin Industrial Park (RVIP), located in Washington City, Utah (the City).  Each of the Plaintiffs, Phillip Cloud, Debbie Cloud, Cloud Family Properties, L.L.C., Fred Buksa, Mary Buksa, F&M Steel Services, Inc., Michael Turnbow, Linda Tunbow, Jarl Klungervik, A. Kent Cottam, JKR Development, Kimball Gardner, and Gene Davis  purchased property within RVIP, from Plaintiffs A. Kent Cottam and Jarl Klungervik, the principals of JKR, Development, LC, the company responsible for the development of RVIP.  Also, each of the Plaintiffs, with the exception of Gardner, constructed at least one building within the park.

## II.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs' Complaint seeks damages based on Defendants alleged violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1988, claiming their water pressure and flow problems are attributable to Defendants, and amount to a constitutional taking under the Fifth Amendment.  Additionally, Plaintiffs claim that the City arbitrarily and incorrectly applied its "ordinances, policy, and fire code" in violation of Plaintiffs' Fourteenth Amendment substantive and due process rights.  Broadly interpreted, Plaintiffs' Complaint further asserts a total of nine state law claims for substantive and procedural due process, constitutional taking, defamation, interference with existing and prospective economic relations, fraudulent and negligent misrepresentation, and public and private nuisance.

Summary judgment is only appropriate if "there is no genuine issue as to any material

2

fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.  *Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir. 1991). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."  *English v. Colo. Dep't of Corr.,* 248 F.3d 1002, 1007 (10th Cir. 2001) (quotation marks omitted).  Thus, because Defendants seek summary judgment on each of Plaintiffs' claims, the court makes all reasonable inferences in the light most favorable to the Plaintiffs, and will first address the federal claims.

   A.   **Fifth Amendment Takings Claim**

Plaintiffs allege that the insufficiency of water pressure to their properties is attributable to the city and amounts to a taking of their property in violation of the Fifth Amendment to the U.S. Constitution.  Defendants move for summary judgment on the grounds that this claim is not ripe, as Plaintiffs failed to avail themselves of a state inverse condemnation proceeding prior to their filing of the federal action.

The U.S. Constitution clearly proscribes that "private property shall not be taken for public use, without just compensation."  U.S. Const. amend. V.  However, "[b]efore a federal court can properly determine whether the state has violated the Fifth Amendment, the aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss."  *Miller v. Campbell County*, 945 F.2d 348, 352 (10th Cir. 1991).  In Utah, the proper procedure to address allegations of property "takings" is an inverse condemnation action under state law.  *Patterson v. American Fork City*, 67 P.3d 466, 477

3

(Utah 2003). "In those states that allow aggrieved property owners to bring an adverse condemnation action in order to recover compensation for property taken by the state, a Fifth Amendment takings claim is not ripe until the aggrieved property owner 'has used the procedure and been denied just compensation.'" *Miller*, 945 F.2d at 352 (quoting *Williamson County*, 473 U.S. at 195).

Even accepting Plaintiffs' Affidavit's as true, the court finds that Plaintiffs have failed to show that they were denied compensation through a state inverse condemnation proceeding. Plaintiffs' simultaneous filing of the state inverse condemnation proceeding and federal takings claims does not constitute an exhaustion of state remedies. The state procedures have not been "used," rather, they have merely been initiated, and denial of compensation has not conclusively been determined. Therefore, the court will dismiss Plaintiffs claim without prejudice.

### B. Fourteenth Amendment Due Process Claims

Plaintiffs argue that the City's arbitrary and incorrect application of its "ordinances, policy, and fire code" deprived them of their property without due process of law under the Fourteenth Amendment.

Prior to reaching the merits of Plaintiffs' due process claim, the court must be satisfied that the due process claim is not subsumed by the takings claim. A due process claim is subsumed by the takings claim when the loss of property interest which is the subject of the due process claim, is identical to the property interest asserted in the takings claim.

> When a plaintiff alleges that he was denied a property interest without due process, and the loss of that property interest is the same loss upon which the plaintiff's takings claim is based, we have required the plaintiff to utilize the remedies applicable to the taking claim.

*Rocky Mountain Materials & Asphalt, Inc. v. Bd. of County Comm'rs*, 972 F.2d 309, 311 (10th Cir. 1992).

The court finds that most of Plaintiffs' due process and takings claims are identically based upon the Plaintiffs loss of water pressure. In relying on Plaintiffs' Amended Complaint, this loss of water pressure has resulted in devaluation of Plaintiffs properties and an inability to use their hoses and sinks on a regular basis. Consequently, the court finds that Plaintiffs' "more generalized due process claim[s] [are] subsumed by the more particularized protections of the Just Compensation Clause." *Id.*

Additionally, to the extent that Plaintiffs' asserted property interests in the due process claim are not identical to those in the takings claim, Plaintiffs must have exhausted their administrative remedies prior to bringing this action. Unless Plaintiffs can show they qualify under a recognized exception, "[t]his Circuit deems the exhaustion of administrative remedies to be a prerequisite to federal court jurisdiction." *Hawkins v. Defense Logistics Agency of the Dept. Of Defense*, 99 F.3d 1149 (10th Cir. 1996).

Defendants argue that Plaintiffs failed to utilize Washington City Ord. No. 4-7, Utah Code Ann. § 10-9-1001, Utah R. Civ. P. 65B(d), and §103.1.4 of the Washington City's Fire Code, prior to bringing this federal action. Plaintiffs do not disagree, rather, they argue that exhaustion in this case would have been futile. However,

> [t]he purpose of the exhaustion rule is to permit agencies to exercise discretion and apply their expertise, to allow the complete development of the record before judicial review, to prevent parties from circumventing the procedures established by Congress, and to avoid unnecessary judicial decisions by giving the agency an opportunity to correct errors.

*Ass'n for Community Living in Coloradon v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993).

In viewing the facts most favorable to the Plaintiffs, as summary judgment requires, the court finds Plaintiffs' contention concerning available relief by the Board is speculative, and "[s]peculative futility is not enough to justify federal jurisdiction." *Ordinance 59 Ass'n v. U.S. Dept. of Interior* Secretary, 163 F.3d 1150, 1158 (10th Cir. 1998).  Washington City Ordinance 4-7 provides that an aggrieved party may appeal an "order, requirement, decision, or determination made by any administrative official in the enforcement of [Washington City, Utah Zoning Ordinances]."  If given an unfavorable ruling, Utah Code Ann. § 10-9-1001(1) provided an opportunity for Plaintiffs to "challenge in district court [Washington City's] land use decisions." *Id.*  Plaintiffs assert that at final inspection, RVIP was receiving an adequate water supply, and that manipulation of the water valve, an administrative decision, is partly responsible for the decrease in water pressure.  Since Plaintiffs have shown no reason why the Board of Appeals established by Ordinance 4-7 could not effectuate a reversal of the decision to manipulate the water valve, or install water pipe of sufficient diameter, Plaintiffs have not sufficiently alleged the futility of an appeal to that Board.  Consequently, the court finds that Plaintiffs do not qualify under a recognized exception and therefore finds that they are not excused from exhausting their administrative and state remedies, and will dismiss their due process claims without prejudice.

    C.    **42 U.S.C. § 1983 and § 1988 Claims**

Plaintiffs' claims under 42 U.S.C. § 1983 fail as a matter of law because based on the foregoing, Plaintiffs are unable to present facts sufficient to show they have suffered a constitutional deprivation.  Likewise, because Plaintiffs have failed to allege a viable § 1983 claim, and further failed to vindicate any important public policy,  they are not entitled to

6

recovery of attorney fees pursuant to 42 U.S.C. § 1988. *Perry v. Woodward*, 199 F.3d 1126, 1143 (10th Cir. 1999). Consequently, the court grants Defendant's Motion for Summary Judgment and will dismiss Plaintiffs' § 1983 and § 1988 claims without prejudice

### D.     State Law Claims

Since the court finds that the federal claims in this case no longer are at issue, it must next determine whether to continue to exercise supplemental jurisdiction over the remaining state claims. Pursuant to 28 U.S.C. § 1367(c)(3), the court is authorized to decline supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction." Since the court has dismissed each of Plaintiffs claims over which it had original jurisdiction, the court therefore declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice.

### III. DEFENDANTS MOTION TO STRIKE

Defendants moved to strike Mr. Thorpe's affidavit on the grounds that it lacked specific facts, was conclusory, and lacked foundation. However, this Motion is largely moot. Rule 56(e) of the Fed. R. Civ. P. provides that "affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* Defendants identify a number of paragraphs in Mr. Thorpe's original affidavit wherein Mr. Thorpe's affidavit is compared to rule 56(e) and found wanting. However, Plaintiffs have provided an amended copy of Mr. Thorpe's affidavit which appears to correct the portions of the original which Defendants initially identified as not qualifying under rule 56(e). Since the amendment of the Mr. Thorpe's affidavit, Defendants have not renewed their objection concerning the amended affidavit. Regardless, the

Court need not rely on any part of the Affidavit in determining the merits of the federal claims, and will deny Defendants' Motion to Strike.

## IV.  CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendants' Motion for Summary Judgment is partially GRANTED. Plaintiffs due process, Fifth Amendment takings, 42 U.S.C. § 1983, and 42 U.S.C. § 1988 claims are dismissed without prejudice.  The remaining state law claims are also dismissed without prejudice.  It is further

ORDERED that Defendants' Motion to Strike is DENIED.

The clerk of the court is hereby directed to close this case.

DATED this  23rd  day of June, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge